UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAROLYN ARABEL WOOSTER      ]
     Plaintiff,             ]
                            ]
v.                          ]    No. 3:10-0653
                            ]    JUDGE HAYNES
PHIL BREDESEN, et al.       ]
     Defendants.            ]

### MEMORANDUM

Plaintiff, an inmate at the Tennessee Prison for Women in Nashville, filed this pro se action for damages under 42 U.S.C. § 1983 against the Defendants: Phil Bredesen, Governor of Tennessee; Gayle Ray, Commissioner of the Tennessee Department of Correction; Jewel Steele, Warden of the Tennessee Prison for Women; and four members of the Warden's staff. Plaintiff's claims arise from the alleged loss of hearing in her right ear. Despite numerous visits to the clinic at the prison, the Plaintiff's hearing has not yet been restored. Plaintiff's claims that the defendants have failed to provide her with adequate medical care as required by the Eighth Amendment.

The Defendants are named in their official capacities only, (Docket Entry No.1, Complaint at 2) and Plaintiff seeks damages. Id. at 4, 5. When state defendants' are sued in their official capacity, Plaintiff's claims arose against the State. Will v.

Michigan Department of State Police, 491 U.S. 58, 64 (1989).

The Eleventh Amendment bars a damages action against a state unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. Pennhurst State School and Hospital v. Halderman, 104 S.Ct. 900, 908 (1984). The State of Tennessee has not consented to waive its immunity to such actions. Berndt v. Tennessee, 796 F.2d 879 (6th Cir.1986). Thus, the Plaintiff fails to state a claim against the defendants acting in their official capacities.

Absent an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WILLIAM J. HAYNES, JR.
United States District Judge
9-3-10